### JUDGE OF PROBATE *v.* CLAGGETT & *al.*

A bond in the form usually given by the administrator of an intestate estate, and containing all the statute provisions applicable to the administration of such an estate, is valid and sufficient to bind an administrator, with the will annexed, and his sureties, to the faithful discharge of his official duties, when given as the condition of his appointment to that office.

The recital in the condition of such bond, when describing the deceased, that he died intestate, is mere description of the person, and may be rejected as immaterial and surplusage.

The provision in such bond that the principal obligor shall administer the estate of the deceased according to law, is in effect a provision that he shall administer the same according to the will of the deceased — such will having been previously duly proved and approved by the proper authority.

The administrator *de bonis non* with the will annexed, of a deceased testator, is the proper power to prosecute, in the name of the judge of probate, a suit against the sureties in the bond of the first administrator, to recover the balance found remaining in his hands upon the settlement of his final account

of administration — provided the necessary preliminary steps have been taken, and the proper proceedings had to authorize such suit.

DEBT, upon bond, given by the defendants and Jeremiah D. Nettleton, deceased, to the judge of probate for this county, to secure the faithful performance of his duties by said Nettleton, as administrator of the estate of Jonathan Comstock, late of Newport, in this county, deceased. On the eighth day of April, 1847, Jonathan Comstock made and executed his last will and testament, therein nominating and appointing Woodbridge Odlin, of Concord, the executor. On the seventeenth of April, 1850, Odlin presented this will for probate, and the same was duly approved and allowed. On the same day Odlin filed, in the probate office, a written declination of the trust of executor, and recommended the appointment of said Jeremiah D. Nettleton as administrator, with the will annexed, upon his giving the requisite bonds. Thereupon the judge of probate duly appointed said Nettleton administrator, with the will annexed, of said Comstock, he having previously filed the bond upon which the present suit is founded. Nettleton entered upon the administration of the estate, and afterwards died. After his decease, his account of the administration of said Comstock's estate was duly rendered and settled by his administrator, after notice to all concerned, and a balance found to have been remaining in the hands of said Nettleton, administrator, at his decease, to recover which is the purpose of the present suit.

It was agreed by the parties that if, upon the facts of this case, the present suit can be maintained, the case was to be remitted to the trial term for such pleadings and defences as may be filed, set up or offered, and for trial, or such other proceedings as may secure the rights of the parties; otherwise, the plaintiff to become nonsuit.

The following is a copy of the bond declared on:

Know all men by these presents, that we, Jeremiah D. Nettleton, Frederick Claggett and Nathan Mudget, in the county of Sullivan and State of New-Hampshire, are holden and stand

firmly bound and obliged unto the judge of probate of wills, and granting administrations, within the county aforesaid, in the full sum of three thousand dollars, to be paid to the said judge, his successor or successors in the said office, or to his or their assigns. To the true payment whereof we bind ourselves, and each of us, our and each of our heirs, executors and administrators, jointly and severally, for the whole and in the whole, firmly by these presents. Sealed with our seals. Dated the 17th day of April, in the year of our Lord one thousand eight hundred and fifty.

The condition of the above obligation is such, that if the above bounden Jeremiah D. Nettleton, who is appointed administrator on the estate of Jonathan Comstock, late of Newport, in the county of Sullivan, deceased, intestate, do make, or cause to be made, a true and perfect inventory of all and singular the estate of said deceased, which has or shall come to the hands, possession or knowledge of the said administrator, or into the hands and possession of any other person or persons, for said administrator, and the same so made do exhibit or cause to be exhibited, into the registry of the court of probate for the county of Sullivan aforesaid, within three months next ensuing, and the same estate and other estate of the said deceased, which shall at any time hereafter come to the hands, possession or knowledge of the said administrator, or into the hands or possession of any other person or persons, for said administrator, do well and truly administer according to law; and do further make or cause to be made a just and true account of his said administration, upon oath, within one year next following, and all the rest and residue of said estate, which shall be found remaining upon the account of said administrator, (the same being first examined and allowed of by the judge or judges, for the time being, of the probate of wills, and granting administrations within the county aforesaid) shall deliver and pay unto such persons respectively as the said judge or judges, by his or their decree or sentence, pursuant to law, shall limit and appoint. And if it shall hereafter appear that any last will and testament

was made by the said deceased, and the executor or executors therein named do exhibit the same into the court of probate for the county aforesaid, making request to have it allowed and approved accordingly. If the above bounden administrator, being thereunto lawfully required, to render and deliver the said letters of administration (approbation of such testament being first had and made,) into the said court: Then the before written obligation to be void and of none effect, or else to abide and remain in full force and virtue.

JEREMIAH D. NETTLETON,
FREDERICK CLAGGETT,      [L. S.]
NATHAN MUDGET.


A. & S. H. Edes, for the plaintiff.

Burke & Waite, for the defendants.


FOWLER, J. No question has been raised by the ingenious arguments of counsel, that Jeremiah D. Nettleton, deceased, was duly and properly appointed administrator, with the will annexed, of the estate of Jonathan Comstock, formerly of Newport, deceased, if the bond, recited in the case before us, was sufficient and proper to bind him to the performance of the duties of that trust. The appointment is agreed to have been correct in form as well as substance; the bond is of the same date, and was most clearly designed to cover the responsibility to be incurred under the appointment. The objections to the sufficiency of the bond are quite technical and formal, and as the case shows that a balance was found remaining in the hands of the appointee upon the final settlement of his administration account, by his administrator, after proper notice to all parties interested, there would seem to be no reason why the sureties should not be holden responsible, unless they are clearly exonerated from liability by some substantial defect in their obligation.

By the twelfth section of the 158th chapter of the Revised Statutes, it is provided, that no person shall intermeddle with

the estate of any person deceased, or act as executor or administrator thereof, or be considered as having that trust, until he shall have given bond to the judge, with sufficient sureties, in such reasonable sum as he shall approve, upon the conditions there prescribed. No form of the bond is set forth, and upon comparing the conditions recited in the statute with those contained in the bond now under consideration, it is found that they are identical in substance, and almost in language. There is no discrepancy whatever in the material and important portions of the conditions, but the obligations of the bond are a substantial transcript of the provisions of the statute. So far as form is concerned, there is no difference which the ability of counsel has been able to designate, and there can be no reason on that account why the bond, although informal, should not be enforced.

But it is said the bond recites that Comstock died intestate. This is true, but it is mere *descriptio personæ*, is evidently an error, and one wholly immaterial to the force and validity of the bond. It was entirely immaterial to the liability of the obligors in the bond, whether the deceased died testate or intestate. They only undertook for the administrator's faithful performance of the duties of his trust; that he should faithfully administer and account for all the estate of the deceased that came to his hands — in either event. It is well settled that an erroneous recital in a contract, of an immaterial fact or circumstance, does not impair its general force and effect. Rejecting this position of the recital as merely descriptive and wholly immaterial, the condition of the bond is perfect, and a complete compliance with the requisions of the statute.

It is likewise suggested that the bond provides that Nettleton should administer the estate of the deceased according to law, instead of providing, as is usual in such cases, that he should administer it according to the will of the deceased. As the law provides that the estate of a testator shall be administered according to his will, a provision that the administrator shall administer according to law is in effect a provision that he shall administer it according to the will, inasmuch as the former and

more general proposition includes and necessarily implies the latter and more special. To administer the estate of a testator according to law, is of necessity to administer it according to the will of the deceased, because the law itself requires it to be so administered, after the will has been duly proved and approved, as it had been in the present case.

The provision for surrendering the letters of administration in the event of a will being thereafter found and proved, was properly inserted, and would have been so had the bond in other respects conformed to those usually given upon the granting of administration with the will annexed, agreeably to the requirements of the fifth condition enumerated in the statute. Although one will had been proved, it was not certain that another and later one might not afterwards be found, the proof of which might supersede altogether the previous proceedings.

It has been farther objected that the present suit is prosecuted for the benefit and at the instigation of the administrator *de bonis non*, with the will annexed, of Comstock's estate, and that such administrator cannot be entitled to the benefit of a suit upon this bond. The case of the *Judge of Probate* v. *Heydock*, 8 N. H. 491, cited by the counsel upon both sides, seems to us to show very conclusively that this objection is without foundation. It was then expressly holden, that the administrator *de bonis* had a legal claim to the balance found in the hands of the executor on the settlement of his account, and that no decree of the judge of probate, ordering such balance to be paid to him, was necessary to enable him to take out execution for the amount, when a breach of the condition of the executor's bond had been acknowledged. The same doctrine is established by other decisions. But aside from authority, it is quite apparent, upon general and familiar principles, that if, as the case finds, there be a balance remaining in the hands of the deceased executor, unadministered, such balance is peculiarly and legitimately within the province of the new administrator, as part, or it may be the whole of the estate of the deceased testator, of which it is his express and positive duty to take charge. It is the duty of the

Judge of Probate *v.* Claggett.

judge of probate, upon the death of any executor or administrator, to grant administration upon the estate not administered, and it would be quite singular, if, after such appointment, the new administrator was destitute of power and legal authority, upon proper steps being taken for the purpose, to institute and prosecute to final judgment, in the names of the proper persons, all such suits as were necessary to enable him to obtain possession of the funds committed to his charge.   A suit upon the bond of the executor would seem to be the only practicable method whereby to reach the estate which his official duty requires him to administer and appropriate according to the provisions of the will in the present case ; and we have no doubt he may properly maintain the present suit, in the name of the judge, but for his own benefit, to recover of the sureties of the deceased executor the balance left in his hands, as shown by the settlement of his administration account, if the necessary preliminary steps have been taken, and proper proceedings had for the purpose.

As we are of opinion that the present suit may well be maintained, according to the agreement of the parties the case is to be remitted to the trial term, for further proceedings there.

*Bond good—suit maintainable.*